IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK ELWYN LAWSON,

                Petitioner,

    v.

KIMBERLY HENDRICKS,

                Respondent.

Case No. 6:23-cv-00598-SI

OPINION AND ORDER

SIMON, District Judge.

       Petitioner filed this 28 U.S.C. § 2254 habeas corpus action on April 24, 2023 challenging his Washington County convictions dated July 13, 2016. His Petition raises a single ground for relief, namely, that the Washington County Circuit Court erred in his criminal case when it denied his motion to sever charges. This prompted the Court to issue a Scheduling Order calling for an Answer and Response from Respondent, and a supporting memorandum from Petitioner 60 days thereafter.

       Respondent timely filed his Response, and provides a record showing that Petitioner is in the process of litigating additional challenges to his convictions by way of a state post-conviction

relief action.[1] Respondent's Exhibits 109-117. Petitioner is therefore currently litigating additional claims in a state post-conviction relief case that are neither ripe for federal review nor contained within the Petition for Writ of Habeas Corpus.

Petitioner is advised that if he continues with his federal habeas case at this time, he might be forever barred from filing a second habeas corpus case in the future that raises his post-conviction claims. *See* 28 U.S.C. § 2244(b) (barring second habeas petitions); *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam) (a habeas petitioner must first obtain permission from the Ninth Circuit Court of Appeals prior to filing a second habeas corpus case). Accordingly, if Petitioner wishes to hold his fully exhausted Petition for Writ of Habeas Corpus in abeyance while he concludes his state post-conviction proceedings, he must file a motion to stay this action within 30 days. *See King v. Ryan,* 564 F.3d 1133, 1141-42 (9th Cir. 2009) (permitting stay of fully exhausted habeas petitions and amendment of those petitions once habeas petitioners finish exhausting their claims in state court).

## **CONCLUSION**

Should Petitioner wish to stay this case, he must so move within 30 days. If he does not file such a motion with the Court within the time allotted, the Court will take the Petition for Writ of Habeas Corpus (#1) under advisement on the existing record.

IT IS SO ORDERED.

  April 23, 2024  
DATE

_____
Michael H. Simon
United States District Judge

---

[1] Petitioner has not filed a supporting memorandum in this federal habeas corpus case.

2 - OPINION AND ORDER